*Whitaker v. Vt. Info. Tech. Leaders, Inc.*, No. 781-12-15 Wncv (Teachout, J., Mar. 23, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 781-12-15 Wncv** |

**STEVEN WHITAKER**
    **Plaintiff**

    **v.**

**VERMONT INFORMATION TECHNOLOGY LEADERS, INC.**
    **Defendant**

### DECISION ON FEES

In an October 27, 2016 decision, the court determined that Defendant Vermont Information Technology Leaders, Inc. (VITL) is the functional equivalent of a public agency subject to Vermont's Access to Public Records Act, 1 V.S.A. §§ 315–320, and granted Plaintiff Steven Whitaker's public records request. Following that decision, VITL produced some responsive records and claimed others were exempt. The litigation over the exemptions finally has concluded in Mr. Whitaker's favor. He now seeks an award of fees and costs pursuant to 1 V.S.A. § 319(d)(1).

Section 319(d)(1) provides that "the court shall assess against the public agency reasonable attorney's fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." Mr. Whitaker incurred $12,617.92 in attorney fees and costs principally attributable to the litigation over whether VITL is subject to the Act as the functional equivalent of a public agency. He represented himself for purposes of all subsequent litigation.

VITL argues that the court should adjust the claimed fees downward because Mr. Whitaker unreasonably refused to settle this matter at the outset, unreasonably forcing the parties to incur unnecessary litigation costs. It also argues that, in any event, fees should be capped at 40% of the requested amount as was done in another case involving functional equivalency. *Prison Legal News v. Corrections Corp. of America*, No. 332-5-13 Wncv, 2015 WL 5311513 (Vt. Super. Ct. Sept. 1, 2015).

There is no dispute that Mr. Whitaker has substantially prevailed in this case, and VITL does not argue that the number of hours billed or hourly rate of Mr. Whitaker's counsel were unreasonable. The court concludes that both were reasonable.

The record is insufficient for the court to determine that Mr. Whitaker unreasonably forced VITL into expensive litigation. VITL's counsel represents that he attempted to negotiate some sort of document production agreement that could have avoided litigation and that Mr. Whitaker refused to discuss it. VITL is not entitled to a downward adjustment on this basis. Proposed settlement terms are not matters of record and therefore the court has no basis to

conclude that Mr. Whitaker's attorney's fees were unreasonably incurred.

VITL also argues that this case is nearly identical to *Prison Legal News* and it should not be ordered to pay more than 40% of Mr. Whitaker's fees because Corrections Corp. of America (CCA) was ordered to pay only 40% of the fees in the *Prison Legal News* case. In that case, among other things, the court observed that the fee statute does not anticipate litigation over whether an entity is subject to the Act at all, and that nearly all the fees incurred were due to that litigation rather than over exemptions.

*Prison Legal News* is similar to this case to the extent that both defendants strenuously litigated the functional equivalence issue and nevertheless were deemed functional equivalents. Also, in both cases, nearly all fees incurred were due to that dispute rather than litigation over exemptions. However, they differ remarkably on a material point. Once CCA was deemed subject to the Act, it promptly and voluntarily complied with its obligations under the Act. That is why additional litigation expenses were limited. VITL instead claimed exemptions that added a year to the litigation of this case, and Mr. Whitaker eventually prevailed as to those matters as well. Mr. Whitaker did not incur additional litigation expenses for the reason that he represented himself for that portion of the litigation.

The court evaluates this case as a whole. VITL is being asked to pay for only the portion of Mr. Whitaker's legal work in which he incurred out-of-pocket expenses, and not for his own efforts. There would have been higher fees had Mr. Whitaker not chosen to proceed *pro se* half way through the case. In these circumstances, it would be inequitable to not award the totality of the fees Mr. Whitaker reasonably incurred.

Mr. Whitaker is entitled to $12,617.92 in attorney fees and costs.

ORDER

For the foregoing reasons, Mr. Whitaker's motions (#12 & #13) for fees and costs are *granted*.

Dated at Montpelier, Vermont this ___ day of March 2018.

_____
Mary Miles Teachout
Superior Judge

2